Barry J. Glickman, Esq.
Ronald M. Neumann, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

Attorneys for Defendant
*Citibank, N.A.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WANDA TIMMS,<br><br>                         Plaintiff,<br><br>- against -<br><br>CITIBANK, N.A.,<br><br>                         Defendant. | CASE NO. 18 CV 1702-RJD-ST<br><br>**ANSWER** |

Defendant Citibank, N.A. ("Citibank"), by its attorneys, Zeichner Ellman & Krause LLP, answers the Complaint (the "Complaint"), upon information and belief, as follows:

1.     It denies each and every allegation contained in paragraphs 1-2 and refers to the Complaint for plaintiff's characterization of the pleadings contained therein.

2.     It has no knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraphs 3, 9-12, 14-16 and 21.

964819

3. It denies each and every allegation contained in paragraphs 4, 6-8 and 33, and refers all questions of law to the Court.

4. It admits the allegations in paragraph 5.

5. It denies each and every allegation contained in paragraphs 13 and 18, and refers to plaintiff's Citibank account statements for the transactions recorded therein.

6. It has no knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraphs 17, 19-20 and 26, and refers to relevant documents for their contents.

7. It denies each and every allegation contained in paragraphs 32, 47-50, 54-59, 61-64, 68-72 and 77-78.

8. It has no knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraphs 22, 24 and 27-39, except that there were communications and correspondence between the parties and refers to the relevant documents for their contents.

9. It denies each and every allegation contained in paragraphs 23 and 25, and refers to the referenced correspondence for its contents and refers all questions of law to the Court.

10. It has no knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraphs 34-44, 46, 52-53 and 74-76, and refers all questions of law to the Court.

11. It denies each and every allegation contained in paragraphs 66-67, except that plaintiff's account with Citibank is governed by a Client Manual and refers to that document for its terms.

### FIRST AFFIRMATIVE DEFENSE

12. The complaint fails to state a claim for relief against Citibank.

### SECOND AFFIRMATIVE DEFENSE

13. The complaint fails to state a claim for relief against Citibank pursuant to the Electronic Funds Transfers Act ("EFTA") and 12 C.F.R. § 205 (Regulation E).

### THIRD AFFIRMATIVE DEFENSE

14. The complaint fails to state a claim for relief against Citibank pursuant to the New York General Business Law § 349.

### FOURTH AFFIRMATIVE DEFENSE

15. The complaint fails to state a claim against Citibank for negligence.

## FIFTH AFFIRMATIVE DEFENSE

16. The complaint fails to state a claim against Citibank for unjust enrichment.

## SIXTH AFFIRMATIVE DEFENSE

17. The complaint fails to state a claim against Citibank for breach of contract.

## SEVENTH AFFIRMATIVE DEFENSE

18. The complaint fails to state a claim against Citibank for breach of the duty of good faith and fair dealing.

## EIGHTH AFFIRMATIVE DEFENSE

19. The complaint fails to state a claim for relief against Citibank for treble damages under the EFTA.

## NINTH AFFIRMATIVE DEFENSE

20. The common law causes of action alleged in the complaint are precluded and preempted by the federal EFTA claims asserted by plaintiff.

## TENTH AFFIRMATIVE DEFENSE

21. The complaint fails to state a claim for relief against Citibank for punitive damages.

### ELEVENTH AFFIRMATIVE DEFENSE

22. The complaint fails to state a claim for relief against Citibank for consequential damages.

### TWELFTH AFFIRMATIVE DEFENSE

23. The complaint fails to state a claim against Citibank for injunctive relief.

### THIRTEENTH AFFIRMATIVE DEFENSE

24. The complaint fails to state a claim for relief against Citibank for attorneys' fees.

### FOURTEENTH AFFIRMATIVE DEFENSE

25. Plaintiff may not maintain this action, in whole or in part, pursuant to the applicable customer agreement between plaintiff and Citibank.

### FIFTEENTH AFFIRMATIVE DEFENSE

26. Citibank has defenses to the causes of action alleged in the complaint based on documentary evidence.

### SIXTEENTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred by the doctrines of ratification, estoppel, waiver, laches and *in pari delicto*.

### SEVENTEENTH AFFIRMATIVE DEFENSE

28. Any damages plaintiff allegedly suffered were caused, in whole or in part, by superseding and/or intervening acts of parties other than Citibank.

### EIGHTEENTH AFFIRMATIVE DEFENSE

29. Any damages plaintiff sustained were caused in whole or in part by her own actions or inactions.

### NINETEENTH AFFIRMATIVE DEFENSE

30. Plaintiff has not suffered any damages as a result of any alleged conduct of Citibank.

### TWENTIETH AFFIRMATIVE DEFENSE

31. To the extent plaintiff has a policy of insurance covering any losses referred to in the complaint, plaintiff is precluded from recovery of such funds from Citibank.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

32. To the extent plaintiff has obtained or obtains restitution or other payment from anyone concerning the allegations made in the complaint, Citibank is entitled to an offset in like amount against claims made against it in this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

33. If the damages plaintiff allegedly sustained occurred at the time and place and in the manner alleged in the complaint, such damages and injuries are attributable, in whole or in part, to the plaintiff's culpable conduct, and if any damages are recoverable against Citibank, the amount of such damages shall be diminished in the proportion to which the culpable conduct attributable to plaintiff bears to the culpable conduct which caused the damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

34. Plaintiff failed to mitigate damages.

**WHEREFORE,** defendant Citibank demands judgment dismissing the complaint in all respects and for such other relief as is just.

Dated: New York, New York
June 7, 2018

ZEICHNER ELLMAN & KRAUSE LLP

By: *Ronald M. Neumann*
Barry J. Glickman
Ronald M. Neumann
Attorneys for Defendant
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

TO:  *Counsel for plaintiff by ECF*